UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
In re:

               INVOLUNTARY CHAPTER 7

    **LANDAU, CHANA**

               Case No. 15-40194

        Debtor(s).
-------------------------------X

## PETITIONING CREDITOR'S RESPONSE TO TRUSTEE'S MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE

## AND

## PETITIONING CREDITOR'S APPLICATION TO DISMISS THIS CASE IN ITS ENTIRETY

To the Honorable Court and Counsellors;

1. I, Petitioner Hertz Weiss, as member of Condominium Owners Associates, hereby certify to the Court and submit my response to the Trustee's Motion and make this application to withdraw this Involuntary Petition against the debtor and have same dismissed.

2. At the outset, I wish to state that, after the petitioner and the debtor settled our claims as against each other, that we both decided that we both would not pursue this case.

3. Petitioning creditors' claims had been settled and satisfied by virtue of the prior turnover of the deed to the subject condominium and by the debtors' agreement to turn over possession.

4. Debtors had no interest to take advantage of the filing because they had no debt that they wished to discharge.

5. Hence, we both were under the impression (and as reinforced by attorneys knowledgeable in these matters), that this case will ultimately be dismissed by the Court or by the Clerk of the Court, for the failure of both the petitioner and the debtor to follow up on any further actions, filing and proceedings in this case.

6. It was assumed that by virtue of no further filings, and the fact of no interest in this case by the 2 only parties who were involved in this case; that the Court will deal with this case, as any other voluntary or involuntary case where the parties abandoned their rights to pursue the case or take advantage of the case in order to get discharged of debts; WHEREIN THE COURTS AS A MATTER OF STANDARD COURSE, PRACTICE AND PROCEDURE ISSUES ITS OWN ORDER OF THE DISMISSAL OF THE CASE FOR FAILURE TO PROSECUTE AND/OR FOR FAILURE TO REMEDY DEFICIENT FILINGS.

7. We had expected that by now, this case would have been dismissed for the above reasons.

8. Accordingly; we do not object to the Trustee's motion and the relief he/she seeks.

9. However it is a waste of judicial resources even to pursue such a motion, when it is the wish of the parties that the debtor NEVER be discharged as a result of this filing, There is no need for any extension to object to a discharge, when no party is seeking any discharge.

10. We had initially considered not to respond to the Trustee's instant motion; and just let this case take its natural course, with the lack of interest by the parties, whereby this case would have met with the usual result of an automatic dismissal sooner or later.

11. The only reason that we submit this paper and the only reason we make this APPLICATION TO DISMISS, is because we feel it incumbent to explain, respond and answer all the weird suppositions raised by the Trustee as the reason he/she wants to pursue this case, even without the apparent cooperation of the only parties in this case.

12. As explained in previous submission, which the Trustee presumably reviewed; This filing was made in part to enforce a judgment we had against the debtor and her spouse, concerning the condominium unit owned by the debtor, but which she agreed to surrender in lieu of the debts, liabilities and obligations they owed.

13. The dispute between the Landau family and the condo owners, resulted from their brazen actions of enlarging their ground floor condo unit both in length an height, all without the express permission of the other condo owners and without permits, etc., all to the detriment of their neighbors and all other condo owners. Violations were put on the unit and on the building as a whole. The situation was intolerable and could not be looked aside without action.

14. Their illegal expansion work could not be legalized for private residential use.

15. The only way that theis unit could remain as altered, was if it were conerted for semi-public use by the condominium as a whole.

16. After arbitration and mediation it was decided to 'settle' with the Landau family wherein the condo owners will raise funds to "BUY THE LANDAUS OUT".

17. The settlement was comprised of the simple provisions; that the Landaus will turn over their unit to the

benefit of all the other owners, for semi-public use for meetings, assembly, playroom and prayer hall, etc.; And the condo owners will pay the Landaus 110,000.00 upon their turnover of the keys and possession.

18. And most importantly, the condo owners had agreed to assume the outstanding mortgage on the unit, and forbear and forgive the Landaus from all outstanding condo charges.

19. Money was being collected from the condo owners and put into escrow, and which remains in escrow for the agreed purpose to pay the Landaus upon their vacating the premises and to reach an agreement with the mortgage holder.

20. We are glad to report that the Landaus have acquired a new home (in Monsey, NY) and we are near in reaching an agreement with the mortgage holder.

21. We still have to raise some more funds in order to reach our goal to pay the Landaus and the bank.

22. Being that banks do not finance the 'public areas' of condo developments, thus necessitating to raise all the cash needed.

23. In fact, it is paramount that this case be dismissed, so that we can implement our plan without this outstanding bankruptcy case.

24. Unbeknown to me at the time of the filing, the debtor had just delivered the deed to the condominium to the condo owners; thus there was no need for this filing, in the first instance.

25. However, the debtor had not delivered possession of the condominium at that time, which was part of the agreement.

26. Because of the medical condition of the debtor, we have reached an agreement whereby she was to have had to surrender possession of the condo by June 30, 2015; which has now been delayed somewhat.

27. I had no intention to follow through with any service of process on the debtor.

28. No one will be prejudiced from the dismissal of this hasty filing.

29. The entire filing should be deemed a nullity.

30.    The debtor joins me with this application.

Wherefore I respectfully request that the Honorable Court direct that the Clerk to dismiss this case and thus render moot the Trustee's motion to extend the time to object tp discharge.

Dated and certified:
    September 9, 2015

*Hertz Weiss*

_____
    Hertz Weiss
    Petitioning Creditor