The Law Offices of Avrum J. Rosen, PLLC
Attorneys for Debra Kramer, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen

UNITED STATES BANKRUPTCY COURT  RETURN DATE: **9/17/2015**
EASTERN DISTRICT OF NEW YORK  TIME: **11:00 a.m.**
---------------------------------------------------------x
In re:  Chapter 7

      CHANA LANDAU,  Case No. 15-40194-cec

                  Debtor.
---------------------------------------------------------x

### TRUSTEE'S REPLY TO RESPOSES TO APPLICATION FOR ENTRY OF AN ORDER EXTENDING TRUSTEE'S TIME TO OBJECT TO DISCHARGE

Debra Kramer, Chapter 7 trustee ("Trustee) for the estate of Chana Landau, debtor ("Debtor"), by and through her counsel, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this reply ("Reply") to the: (i) Petitioning Creditor's Response to Trustee's Motion to Extend Time to Object to Discharge and Petitioning Creditor's[1] Application to Dismiss this Case in its Entirety ("Response") [ECF Doc. No. 20]; and (ii) Debtor's Support to the Application of Petitioning Creditor's to Dismiss this Case ("Support") [ECF Doc. No. 21] (collectively, the Response and Support, "Dismissal Application") to Trustee's application ("Application") for entry of an order, extending Trustee's time to timely commence an action pursuant to Section 727 of Title 11, United States Code ("Bankruptcy Code"), objecting to Debtor's discharge, pursuant to Rule 4004(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and states as follows:

---

[1] N.Y. C.P.L.R. § 321(a) requires corporate entities to be represented by counsel in litigation, of which Petitioning Creditor has counsel in this matter. Thus, Trustee is uncertain why counsel did not prepare and file the Response and Petitioning Creditor chose rather to violate C.P.L.R. § 321(a).

## PRELIMINARY STATEMENT

1. The Dismissal Application created more questions and confusion in this case than previously existed, which were already rampant. Hertz Weiss, as member of Condo Owners Associates ("Petitioning Creditor"), swore under oath on January 16, 2015, that the only viable solution was filing an involuntary bankruptcy petition. Yet mere months after the Order for Relief, Petitioning Creditor admits it was a "hasty filing", for no apparent purpose. This despite the fact Petitioning Creditor retained counsel to appear on its behalf at the March 19, 2015, hearing on the Court's Order to Show Cause to dismiss for failure to prosecute and argued in opposition thereto, and subsequently entered into a stipulation ("Stipulation") with Debtor on March 25, 2015 to extend Debtor's time to oppose the involuntary petition. [ECF Doc. No. 8]. The Reply is not sworn to by Petitioning Creditor.

2. Debtor ignored the filing of the involuntary petition, presumably because of back surgery in late January, 2015, but yet entered into the Stipulation thereafter, then ignored the Order for Relief, but yet once Trustee takes active steps to marshal assets claims "no harm, no foul" just let me out. Debtor in her Support, takes alternative positions, all of which cannot be true. First, Debtor claims "I have no intent… to involve any of my creditors" (¶ 9), but then claims "I have no debt to discharge" (¶ 16); thus Debtor admits she has creditors, but then claims she has no debt. Similarly, Debtor states "I am current with my creditors" (¶ 10), but promptly states "I stopped paying the mortgage" (¶ 11); the juxtaposition is striking. The Support is not sworn to by Debtor.

3. As set forth in the Application, according to documents filed on ACRIS, Debtor and her husband, Moses Landau, executed a deed, dated November 18, 2014, conveying their ownership interests in the Condo to the Petitioning Creditor ("Deed"). It also appears from the RP_5217NYC accompanying the Deed filed on ACRIS that the Condo was transferred to the

Petitioning Creditor for a sale price of $101,818.00, and that the amount of Petitioning Creditor's general unsecured claim reflected in the Involuntary Petition is $185,000.00. In the Dismissal Application, both Petitioning Creditor and Debtor (collectively, "Dismissing Parties") admit to the transfer, which may in fact be a preferential transfer to an unsecured creditor, to the great detriment of the other creditors of Debtor's estate, notwithstanding the rights of the secured creditor.

4. Dismissing Parties have created a factual and procedural quagmire; Trustee is in a quandary of what to do. On the one hand, Petitioning Creditor claims the bankruptcy case filing was a mistake and Debtor avers she wants nothing to do with it. Thus, do we simply allow the case to "fade to black" and let it be dismissed? On the other hand, we have an admitted preferential transfer, we have admitted creditors, albeit Debtor fails to identify those creditors, and we have the jurisdiction of this Court to potentially avoid the transfer and pay creditors. Trustee is cognizant, however, that underlying all of this is the specter of potential significant administrative fees related to prosecuting this case, but for what purpose?

5. The answer is Trustee has a statutory obligation to preserve the rights creditors possess in assets of Debtor's estate, and thus must oppose dismissal at this point. It is clear and admitted that the petition was filed by Petitioning Creditor in bad faith, in order to force Debtor to surrender possession of the Condo to Petitioning Creditor. There is much more than "[n]o one will be prejudiced from the dismissal of this hasty filing" as argued by Petitioning Creditor (¶ 28). Substantial resources have been expended and allocated by: (i) this Court; (ii) the Office of the United States Trustee; (iii) Trustee; and (iv) Trustee's counsel, in prosecuting and investigating Debtor's estate, predominantly due to the ongoing failure of Dismissing Parties to file schedules, or even just a list of creditors. Not one *bona fide* creditor has ever been put on notice of this bankruptcy case.

6.  If Dismissing Parties desire dismissal, of which they certainly have the statutory right to seek such relief, they must comply with the Bankruptcy Code and Bankruptcy Rules. Schedules must be filed, along with a creditors matrix. A procedurally proper motion to dismiss must be filed and notice given to all creditors and parties in interest. Trustee may oppose such relief, if appropriate, and put creditors on notice of exactly what their rights are. Only then, after proper notice and a hearing, and the Court has been fully, and finally, apprised of all the facts of this case, can a judicial determination be made as to whether dismissal is appropriate.

### DISMISSING PARTIES FAILED TO SATISFY STATUTORY REQUIREMENTS TO JUSTIFY DISMISSMING THIS CASE

7.  Section 303(j) of the Bankruptcy Code sets forth that:

> Only after notice to all creditors and a hearing may the court dismiss a petition filed under this section-
>
> (1) on the motion of a petitioner;
> (2) on consent of all petitioners and the debtor; or
> (3) for want of prosecution.

8.  Section 707(a) of the Bankruptcy Code sets forth, *inter alia*, that "[t]he Court may dismiss a case under this chapter only after notice and a hearing and only for cause". Bankruptcy Rule 2002(a) sets forth, *inter alia*, that:

> [T]he clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors, and indenture trustees at least 21 days' notice by mail of:…
>
> (4) in a chapter 7 liquidation , a chapter 11 reorganization case, or a chapter 12 family farmer debt adjustment case, the hearing on the dismissal of the case.

9.  Cleary, under the statutory requirements of the Bankruptcy Code and Bankruptcy Rules, a case may not be dismissed absent the filing of a motion, with notice of same upon the

Office of the United States Trustee, the Trustee, all creditors and interested parties, and the Court subsequently conducts a hearing on same.

10. Bankruptcy Rule 1007 sets forth, *inter alia*, that:

> (a)(2)   In an involuntary case the debtor shall file, within seven days after the entry of the order for relief, a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms;…
>
> (k)   If a list, schedule, or statement, other than a statement of intention, is not prepared and filed as required by this rule, the court may order the trustee, a petition creditor, committee, or other party to prepare and file any of these papers within a time fixed by the court.

11. Bankruptcy Rule 1017(a) sets forth, *inter alia*, that:

> [A] case shall not be dismissed on motion of the petitioner, for want of prosecution or other causes, or by the consent of the parties, before a hearing on notice as provided in Rule 2002.  For the purposes of the notice, the debtor shall file a list of creditors with their addresses within the time fixed by the court unless the list was previously filed.  If the debtor fails to file the list, the court may order the debtor or another entity to prepare and file it.

12.   Bankruptcy Rules 1007 and 1017(a) ensure effectuating proper service of notice upon creditors.  Furthermore, Your Honor directed, *inter alia*, in the May 13, 2015 Order for Relief [ECF Doc. No. 10] that: (i) "Debtor is required to file within 7 days of the entry of this order a list of creditors"; and (ii) "in the event Debtor fails to file the aforesaid list of creditors, schedules and statements, the petitioning creditors are directed to file the same within 21 days of the date of this Order."  On May 17, 2015, the Order for Relief was served the by the Clerk of the Court upon Debtor, Petitioning Creditor and counsel for Petitioning Creditor, as evidenced by the Certificate of Mailing identified as ECF Doc. No. 12.  Thus, Dismissing Parties were put on actual notice of their obligations.  As of this date, however, they have utterly failed to comply with either their

statutory obligations, or express directives contained within the Order for Relief, to file at the very least, the list of creditors.

13.     Debtor, as set forth above, admits in her Support she has creditors.  At the bare minimum, we know, *vis a vis*, ACRIS, that there is a recorded mortgage, initially held by MERS, Inc., in the amount of $417,000.00 in 2008, which mortgage was assigned to US Bank, N.A. in 2009.  However, Dismissing Parties have never put <u>any</u> of Debtor's creditors on notice of the within bankruptcy proceeding.  Potentially, such creditors would prefer the case remain open and Trustee recover the transfer of the Condo for their benefit.

14.     This case, this situation, is exactly why Congress set forth the obligations described above in the Bankruptcy Code and Bankruptcy Rules.  To ensure that creditors receive actual notice of the filing of a bankruptcy case and afforded every opportunity to participate in such case to preserve their rights, should they so choose.  Conversely, the Dismissal Application, insofar as it is a purported "motion" to dismiss, was served upon no one.

15.     This Court should not countenance Dismissing Parties' attempt to conceal a motion to dismiss in their response to Trustee's Application.  Respectfully, it is a mandatory condition precedent, prior to dismissal, that Dismissing Parties file the required list of creditors.  Trustee shall then file a notice of discovery of assets.  Dismissing Parties are free at any point to file a procedurally proper motion to dismiss this case.  If creditors choose to file proofs of claim and/or opposition to a motion to dismiss, it will be clear that Trustee shall move to recover property of the estate.  If not, perhaps dismissal is appropriate.  The issue is, however, not yet ripe for a judicial determination.  Of a certainty, their "motion to dismiss" is not properly before this Court.

16.     A cornerstone of bankruptcy is full disclosure and open transparency to all parties.  This transparency has fallen woefully short in this case, by the ongoing failings of Dismissing

Parties to put creditors on any semblance of notice. It is for this reason that Trustee opposes[2] the dismissal of the within bankruptcy case.

WHEREFORE, Trustee respectfully requests that this Honorable Court enter an Order extending Trustee's time to object to Debtor's discharge pursuant to Section 727 of the Bankruptcy Court for a period of ninety (90) days from August 18, 2015, without prejudice to Trustee to seek further extensions of time should circumstances warrant such extension, together with such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
September 14, 2015

                              The Law Offices of Avrum J. Rosen, PLLC
                              *Counsel to Trustee*

                BY:    S/ Avrum J. Rosen
                              Avrum J. Rosen
                              38 New Street
                              Huntington, New York 11743
                              631 423 8527
                              ajrlaw@aol.com

---

[2] Trustee reserves her right under Section 303(i) of the Bankruptcy Code, and the progeny of binding authority related thereto, to seek damages at a future date from Petitioning Creditor as a result of the bad faith filing of the involuntary petition against Debtor.